UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>                    Defendant. | Civil No. 12cv01525 LAB(RBB)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY [ECF NO. 3]** |

Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery was filed on June 28, 2012, along with the Declaration of Peter Hansmeier and an exhibit [ECF No. 3]. Because no Defendant has been named or served, no opposition or reply briefs have been filed. For the reasons discussed below, the Ex Parte Application is **DENIED**.

**I.**

**PROCEDURAL HISTORY**

On June 20, 2012, Plaintiff AF Holdings, LLC ("AF Holdings") filed a Complaint with attachments [ECF No. 1]. The Plaintiff asserts copyright infringement claims against John Doe ("Defendant"). (Compl. 7-10, ECF No. 1.) Defendant allegedly
/ / /

copied and distributed a video that AF Holdings purports to be the registered owner of, and hold the exclusive rights to. (Id. at 1-2.)  First, the Plaintiff alleges a claim for direct copyright infringement, stating that Defendant reproduced and distributed the copyrighted video through the Internet without Plaintiff's authorization. (Id. at 1, 7.)  Second, AF Holdings pleads contributory copyright infringement, asserting that Defendant illegally obtained the video and assisted others in doing the same. (Id. at 1, 8.)  Third, Plaintiff contends Defendant was negligent in failing to adequately secure his or her Internet access to prevent its unlawful use by others. (Id. at 9.)

Eight days after filing the Complaint, on June 28, 2012, the Plaintiff filed this Ex Parte Application seeking leave to take expedited discovery.  (Pl.'s Ex Parte Appl. Leave Take Expedited Disc. 1, ECF No. 3.)  The Plaintiff seeks permission to take "early discovery" from the Doe Defendant's Internet Service Provider ("ISP"), Cox Communications, to ascertain the Defendant's identity. (Id. at 1-2; see id. Attach. #1 Decl. Hansmeier 10 ("Plaintiff needs early discovery from the ISPs, so that the name and address of the accused infringer can be obtained by Plaintiff . . . .").)

## II.

### THE BASIS FOR AN EX PARTE MOTION

"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." K. Clark v. Time Warner Cable, No. CV 07-1797-VBF(RCx), 2007 U.S. Dist. LEXIS 100716, at *2 (C.D. Cal. May 3, 2007) (citing Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal.

1  1995)).  The moving party must be "without fault" in creating the
2  need for ex parte relief or establish that the "crisis
3  [necessitating the ex parte application] occurred as a result of
4  excusable neglect."  Id.  An ex parte application seeks to bypass
5  the regular noticed motion procedure; consequently, the party
6  requesting ex parte relief must establish a basis for giving the
7  application preference.  See id.  United States District Court
8  Southern District of California Civil Local Rule 7.1(e) outlines
9  the procedures for filing regular motions.  Kashani v. Adams, No.
10 08cv0268 JM(AJB), 2009 U.S. Dist. LEXIS 34153, at *4 (S.D. Cal.
11 Apr. 21, 2009) (citing S.D. Cal. Civ. R. 7.1(e)).  Ex parte
12 proceedings are reserved for emergency circumstances.  Id.

13     Plaintiff's pending Ex Parte Application fails this test.  See
14 Mission Power Eng'g Co., 883 F. Supp. at 492 (providing that many
15 ex parte motions are denied because the papers do not demonstrate
16 that emergency relief is necessary).  AF Holdings does not discuss
17 whether its request is a proper subject for ex parte consideration
18 or why the regular noticed motion procedures must be bypassed.  See
19 id.  The Plaintiff generally submits that ex parte relief is
20 appropriate because without knowledge of Defendant's identity, the
21 parties cannot adequately confer.  (Pl.'s Ex Parte Appl. Leave Take
22 Expedited Disc. 10-12, ECF No. 3.)  Also, in support of its
23 argument addressing the merits of whether it should be given leave
24 to serve discovery, Plaintiff states that there is a risk that the
25 ISP will destroy the relevant logs before the parties conduct a
26 Federal Rule of Civil Procedure 26(f) conference.  (Id. at 10 ("The
27 information is facing imminent destruction . . . .").
28 / / /

1   Even construing Plaintiff's assertion in support of an attempt
2 to justify the ex parte request, emergency consideration is not
3 necessary.  AF Holdings relies on the Declaration of Peter
4 Hansmeier, a technician at a company that monitors and documents
5 the Internet-based piracy of its clients' copyrighted creative
6 content.  (Id. Attach. #1 Decl. Hansmeier.)  Hansmeier submits that
7 ISPs keep track of the IP addresses assigned to their subscribers.
8 (Id. at 9.)  "ISPs have different policies regarding the length of
9 time they preserve information about what IP address was associated
10 with a given subscriber at a given date and time."  (Id.)  The
11 Plaintiff also attaches copies of various ISPs' subpoena compliance
12 policies.  (Id. Attach. #2 Ex. B, at 2-20.)  Although it attaches
13 the policies of Comcast and Time Warner Cable & Road Runner, only
14 Cox Communications, this Defendant's ISP, is relevant.  Cox's
15 records retention policy for subscriber information is three years.
16 (Id. at 16.)  Therefore, Plaintiff's misrepresentation that the
17 subscriber information records are "facing imminent destruction" is
18 disingenuous and may run afoul of Rule 11 of the Federal Rules of
19 Civil Procedure.  (Pl.'s Ex Parte Appl. Leave Take Early Disc. 10.)

## III.

### CONCLUSION

22   AF Holdings has failed to demonstrate that its request should
23 be considered on an ex parte basis.  "Lawyers must understand that
24 filing an ex parte motion, whether of the pure or hybrid type, is
25 the forensic equivalent of standing in a crowded theater and
26 / / /
27 / / /
28 / / /

shouting, 'Fire!'  There had better be a fire." <u>Mission Power Eng'g Co. v. Continental Cas. Co.</u>, 883 F. Supp. at 492.

Plaintiff's Ex Parte Application [ECF No. 4] is **DENIED**.

IT IS SO ORDERED.

Dated: July 24, 2012

RUBEN B. BROOKS
United States Magistrate Judge

cc: Judge Burns
    All Parties of Record