1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  AF HOLDINGS LLC,              )    Civil No. 12cv01525 LAB(RBB)
                                  )
12              Plaintiff,        )    **ORDER GRANTING PLAINTIFF'S**
                                  )    **RENEWED EX PARTE APPLICATION**
13  v.                            )    **FOR LEAVE TO TAKE EXPEDITED**
                                  )    **DISCOVERY [ECF NO. 5]**
14  JOHN DOE,                     )
                                  )
15              Defendant.        )
    _____)

16

17      Plaintiff's "Renewed Ex Parte Application for Leave to Take

18  Expedited Discovery" was filed on August 13, 2012 [ECF No. 5].

19  Because no Defendant has been named or served, no opposition or

20  reply briefs have been filed.  For the reasons discussed below, the

21  Renewed Ex Parte Application is **GRANTED.**

22                    **I.  PROCEDURAL HISTORY**

23      On June 20, 2012, Plaintiff AF Holdings, LLC ("AF Holdings")

24  filed a Complaint with attachments [ECF No. 1].  The Plaintiff

25  asserts copyright infringement claims against John Doe

26  ("Defendant").  (Compl. 7-10, ECF No. 1.)  Defendant allegedly

27  copied and distributed a video that AF Holdings purports to be the

28  registered owner of, and hold the exclusive rights to.  (<u>Id.</u> at 1-

                                  1

2.)  First, the Plaintiff alleges a claim for direct copyright
infringement, stating that on May 23, 2012, Defendant reproduced
and distributed the copyrighted video through the Internet without
Plaintiff's authorization.  (Id. at 1, 7.)  Second, AF Holdings
pleads contributory copyright infringement, asserting that
Defendant illegally obtained the video and assisted others in doing
the same.  (Id. at 1, 7-8.)  Third, Plaintiff contends Defendant
was negligent in failing to adequately secure his or her Internet
access to prevent its unlawful use by others.  (Id. at 9.)

Eight days after filing the Complaint, on June 28, 2012, AF
Holdings filed an "Ex Parte Application for Leave to Take Expedited
Discovery."  (Pl.'s Ex Parte Appl. 1, ECF No. 3.)  The Plaintiff
sought permission to take "early discovery" from the Doe
Defendant's Internet Service Provider ("ISP"), Cox Communications,
to ascertain the Defendant's identity.  (Id. at 1-2; see id.
Attach. #1 Decl. Hansmeier 10 ("Plaintiff needs early discovery
from the ISPs, so that the name and address of the accused
infringer can be obtained by Plaintiff . . . .").)

The "Ex Parte Application for Leave to Take Expedited
Discovery" was denied on July 25, 2012 [ECF No. 4].  The Court
determined that emergency consideration was not necessary because
Cox Communications maintains subscriber information for three
years.  (Order Den. Pl.'s Ex Parte Appl. 4, ECF No. 4.)  The Court
also held that AF Holdings failed to discuss whether its request
was a proper subject for ex parte consideration.  (Id. at 3.)

On August 13, 2012, Plaintiff filed a "Renewed Ex Parte
Application for Leave to Take Expedited Discovery" [ECF No. 5].
There, AF Holdings argues that its original ex parte application

seeking expedited discovery was proper and that the "IP assignment logs" it seeks will be destroyed within six months.  (Pl.'s Renewed Ex Parte Appl. 2-3, ECF No. 5.)  The Court finds that this document is more properly construed as an application for reconsideration of the Court's July 25, 2012 "Order Denying Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery" [ECF No. 4].

## II.  APPLICATION FOR RECONSIDERATION

Motions or applications for reconsideration of prior orders are brought pursuant to Civil Local Rule 7.1(i).  S.D. Cal. Civ. R. 7.1(i).  In an application for reconsideration, a party seeking the same relief as that previously denied must set forth "(1) when and to what judge the [prior] application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."  Id. at 7.1(i)(1).

Here, Plaintiff seeks the same relief (expedited discovery) that was previously denied.  (Pl.'s Renewed Ex Parte Appl. 1, ECF No. 5; Order Den. Pl.'s Ex Parte Appl. 3, ECF No. 4.)  It contends that its original ex parte application was denied by this Court because AF Holdings failed to demonstrate that its request should be considered on an ex parte basis, and because the subscriber information did not face "imminent destruction."  (Pl.'s Renewed Ex Parte Appl. 1, ECF No. 5.)  Accordingly, Plaintiff has provided the information required for reconsideration pursuant to subsections one and two of Local Rule 7.1(i)(1).  Next, Plaintiff must prove that new or different circumstances merit reconsideration of the Court's ruling.

//

3

**A.    "New or Different Facts and Circumstances"**

    **1.    Whether the application was a proper subject for ex parte consideration**

    AF Holdings maintains that its original application was properly designated as "ex parte" because Defendant's identity is unknown, and he therefore cannot be put on notice of the application. (<u>Id.</u> at 2.)  Currently, Defendant is only known by his IP address. (<u>Id.</u>)  "The only way Plaintiff can ascertain the Defendant's identity is to issue a subpoena to Defendant's Internet Service Provider, which is the sole entity that is in possession of Defendant's identifying information." (<u>Id.</u>)  Plaintiff concludes that because there is no known party to oppose the application, ex parte relief is appropriate. (<u>Id.</u>)

    In the Order Denying Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery, the Court observed, "AF Holdings does not discuss whether its request is a proper subject for ex parte consideration or why the regular noticed motion procedures must be bypassed." (Order Den. Pl.'s Ex Parte Application for Leave 3, ECF No. 4.)  In Plaintiff's Renewed Ex Parte Application, AF Holdings attempts to address these shortcomings.

    AF Holdings makes many of the same statements in its second ex parte application as it did in the first. (<u>Compare</u> Pl.'s Ex Parte Appl. 4, 10-11, ECF No. 3 (stating that Plaintiff cannot name or serve an unknown Defendant; AF Holdings needs the identifying information sought in its motion; and John Doe's identity is unknown); <u>id.</u> Attach. #1 Decl. Hansmeier 9 (stating that the only information known about John Doe is his IP address) <u>with</u> Pl.'s Renewed Ex Parte Appl. 2, ECF No. 5 (stating that Defendant's

4

identity is unknown; Defendant can only be identified by his IP

address; Defendant cannot be put on notice or oppose the motion;

and a subpoena is needed to identify the Defendant).)  The thrust

of Plaintiff's argument is that because it did not know the

identity of John Doe, it did not believe that the Court's regular

noticed motion procedure should apply.  Even so, an ex parte

application seeks priority over regularly scheduled motions, so the

basis for granting Plaintiff that priority must be considered.

>    **2.   Whether the "IP assignment logs" face imminent**
>
>    **destruction**

Next, Plaintiff asserts that it did not misrepresent in its

original application that the information it seeks faces imminent

destruction.  (<u>Id.</u> at 3.)  The original ex parte application was

denied on the basis that no emergency relief was required because

Cox Communications maintains subscriber information for three

years.  (<u>Id.</u> (citing Order Den. Pl.'s Ex Parte Appl. 4, ECF No.

4).)  AF Holdings now clarifies that it seeks the "IP Assignment

Logs" which Cox Communications only maintains for six months.

(Pl.'s Renewed Ex Parte Appl. 3, ECF No. 5 (citing <u>id.</u> Ex. A).)

"Several months have already passed since Plaintiff observed the

Defendant's infringing conduct over his IP address." (<u>Id.</u> (citing

Compl., ECF No. 1).)  AF Holdings urges that the information it

seeks is therefore "under imminent threat of destruction."  (<u>Id.</u>)

As discussed in the Court's prior order, "Ex parte

applications are a form of emergency relief that will only be

granted upon an adequate showing of good cause or irreparable

injury to the party seeking relief."  <u>Clark v. Time Warner Cable</u>,

No. CV 07-1797-VBF(RCx), 2007 U.S. Dist. LEXIS 100716, at *2 (C.D.

1   Cal. May 3, 2007) (citing <u>Mission Power Eng'q Co. v. Cont'l Cas.</u>

2   <u>Co.</u>, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).   The moving party

3   must be "without fault" in creating the need for ex parte relief or

4   establish that the "crisis [necessitating the ex parte application]

5   occurred as a result of excusable neglect." <u>Id.</u>   An ex parte

6   application seeks to bypass the regular noticed motion procedure;

7   consequently, the party requesting ex parte relief must establish a

8   basis for giving the application preference. <u>See</u> <u>id.</u>   United

9   States District Court Southern District of California Civil Local

10  Rule 7.1(e) outlines the procedures for filing regular motions.

11  <u>Kashani v. Adams</u>, No. 08cv0268 JM(AJB), 2009 U.S. Dist. LEXIS

12  34153, at *4 (S.D. Cal. Apr. 21, 2009) (citing S.D. Cal. Civ. R.

13  7.1(e)).   Ex parte proceedings are reserved for emergency

14  circumstances.   <u>Id.</u>

15      Plaintiff essentially argues that new or different facts and

16  circumstances exist because the relevant information will be

17  destroyed in six months rather than three years.   (Pl.'s Renewed Ex

18  Parte Appl. 3, ECF No. 5.)   It alleges that Defendant John Doe

19  illegally downloaded Plaintiff's video on May 23, 2012.   (<u>See</u>

20  Compl. 6, ECF No. 1.)   Because the Internet Service Provider

21  maintains Internet Protocol address log files for 180 days, AF

22  Holdings satisfies the standard for ex parte relief.   <u>See</u> <u>Clark</u>,

23  2007 U.S. Dist. LEXIS 100716, at *2; <u>see also</u> <u>Mission Power Eng'q</u>

24  <u>Co.</u>, 883 F. Supp. at 492 ("In other words, [the ex parte

25  application] must show why the moving party should be allowed to go

26  to the head of the line in front of all other litigants and receive

27  special treatment.")   Ordinarily, six months is adequate time for a

28  noticed motion to be briefed and ruled upon.   "'Ex parte

6

1  applications are not intended to save the day for parties who have

2  failed to present requests when they should have . . . .'" <u>Mission</u>

3  <u>Power Eng'q Co.</u>, 883 F. Supp. at 493 (quoting <u>In re Intermagnetics</u>

4  <u>Am. Inc.</u>, 101 B.R. 191, 193 (C.D. Cal. 1989)).  Nevertheless,

5  Plaintiff's missteps can be attributed to excusable neglect.  <u>See</u>

6  <u>Clark</u>, 2007 U.S. Dist. LEXIS 100716, at 2.  Accordingly, the

7  request for leave to take expedited discovery will be granted.

8                         **III.   CONCLUSION**

9       AF Holdings has adequately demonstrated that "new or different

10  facts and circumstances" merit reconsideration of the Court's

11  "Order Denying Plaintiff's Ex Parte Application for Leave to Take

12  Expedited Discovery" [ECF No. 4].  Plaintiff's "Renewed Ex Parte

13  Application for Leave to Take Expedited Discovery" [ECF No. 5] is

14  therefore **GRANTED**.  It is granted leave to serve a subpoena on

15  Defendant John Doe's Internet Service Provider to obtain the

16  subscriber's name, address, length of service, and telephone number

17  associated with IP address 68.105.113.37 on May 23, 2012.

18       IT IS SO ORDERED.

19

20  Dated:  October 23, 2012

                                   RUBEN B. BROOKS
21                                  United States Magistrate Judge

22  cc:  Judge Burns
          All Parties of Record

23

24

25

26

27

28